Demus BUTLER, Appellant,

v.

C. H. LOONEY, Warden, Appellee.

No. 5032.

United States Court of Appeals,
Tenth Circuit.

Feb. 3, 1955.

No appearance for appellant.

Selby S. Soward, Topeka, Kan., for appellee.

Before BRATTON, MURRAH, and PICKETT, Circuit Judges.

PER CURIAM.

The appellant was found guilty on all four counts of an indictment returned in the United States District Court for the Western District of Oklahoma. On January 5, 1952, he was sentenced to be imprisoned for a term of ten years, and fined a total of Seven Hundred Dollars. This sentence was affirmed on appeal. Butler v. United States, 10 Cir., 197 F.2d 561. Thereafter the appellant unsuccessfully attacked the judgment and sentence by motion under 28 U.S.C.A. § 2255. No appeal was taken from the decision denying relief under this motion.

On July 31, 1954, the appellant filed a petition for habeas corpus in the District Court of Kansas in which he alleged that he was unlawfully detained in the United States Penitentiary at Leavenworth, Kansas. On motion, the trial court dismissed the petition upon the ground that the petitioner had theretofore sought relief under Section 2255 and that he had not shown that the remedy by motion was inadequate or ineffective to test the legality of his imprisonment. The petitioner was remanded to the custody of the appellee. This appeal is from that order.

The purpose of proceedings under Section 2255 is to provide that an attack on a judgment which previously might have been made in habeas corpus proceedings, must be made by motion filed in the criminal case where the judgment was entered. Proceedings thereunder are conclusive unless the remedy by motion is inadequate and ineffective. Mills v. Hunter, 10 Cir., 204 F.2d 468; Clough v. Hunter, 10 Cir., 191 F.2d 516; Barnes v Hunter, 10 Cir., 188 F.2d 86, certiorari denied 342 U.S. 920, 72 S.Ct. 368, 96 L.Ed. 688. Except in cases where the remedy is inadequate or ineffective, proceedings under Section 2255 are exclusive. Whiting v. Hunter, 10 Cir., 204 F.2d 471; Barrett v. Hunter, 10 Cir., 180 F.2d 510, 20 A.L.R.2d 965, certiorari denied 340 U.S. 897, 71 S.Ct. 234, 95 L.Ed. 650. In a habeas corpus proceeding, the sole function of the court is to determine whether the remedy by motion under Section 2255 is inadequate or ineffective. Barnes v. Hunter, supra.

The principal ground relied upon in the habeas corpus petition to set aside the judgment and sentence is that it was procured by the use of perjured testimony. This was a ground which could be raised under Section 2255. Ryles v. United States, 10 Cir., 198 F.2d 199. The petition fails to allege any facts which show that the petitioner's remedy by motion under Section 2255 was inadequate or ineffective to determine the legality of the judgment. The mere fact that relief under the motion was denied is not sufficient.

Judgment affirmed.