Roy Vester CLARK, Jr., Petitioner,

v.

T. Wade MARKLEY, Warden, Respondent.

No. TH 60–C–62.

United States District Court
S. D. Indiana,
Terre Haute Division.

Aug. 29, 1960.

On Request For Reconsideration
Sept. 9, 1960.

Roy Vester Clark, Jr., pro se.

Don A. Tabbert, U. S. Atty., Indianapolis, Ind., for respondent.

STECKLER, Chief Judge.

Petitioner moves for leave to file a petition for writ of habeas corpus in forma pauperis, and for the appointment of counsel to represent him in the matter.

The petition for habeas corpus is based upon petitioner's contention that the indictment upon which he was convicted, after a plea of guilty, failed to charge an offense under Title 18 United States Code, § 2314. The argument is that a check executed by the drawer in his own name upon a fictitious bank is not a falsely made or forged security within the meaning of that statute. This question was decided adversely to petitioner by the sentencing court after a hearing pur-

suant to Title 28 United States Code, § 2255. Apparently no appeal was taken from that decision, but petitioner contends that it was erroneous.

Section 2255 provides that an application for a writ of habeas corpus shall not be entertained if it appears that the sentencing court has denied relief, unless such remedy is inadequate or ineffective to test the legality of the detention. Here the legality of petitioner's detention has been adequately and effectively tested by the sentencing court. If that court was in error in its conclusion, petitioner's remedy is by an appeal from that decision. This court has no jurisdiction to entertain the present petition. 28 U.S.C. § 2255; Silbaugh v. Smith, 9 Cir., 1959, 268 F.2d 77; Winhoven v. Swope, 9 Cir., 1952, 195 F.2d 181.

Accordingly, the petition for leave to file the petition for a writ of habeas corpus in forma pauperis is granted; the petition for the appointment of counsel is denied; and the petition for a writ of habeas corpus is dismissed for lack of jurisdiction over the subject matter.

### On Request for Reconsideration.

On September 6, 1960, the court received a letter from petitioner pertaining to this action. This letter will be treated as a request to reconsider the court's entry of August 29, 1960.

Petitioner believes that the petition for habeas corpus was dismissed because he had failed to exhaust his remedies under Title 28 United States Code, § 2255, in that he failed to appeal from an adverse ruling entered thereunder by the sentencing court. Petitioner now points out that he did appeal the latter ruling, but that it was affirmed on other grounds. See Clark v. United States, 6 Cir., 1959, 273 F.2d 68. A petition for certiorari was denied by the Supreme Court. Clark v. United States, 1960, 362 U.S. 979, 80 S.Ct. 1064, 4 L.Ed.2d 1013. Thus petitioner contends that he has exhausted his remedies under Section 2255, and that this court now has jurisdiction to consider his petition on the merits.

The limitation upon applications for habeas corpus, contained in Section 2255, is not cast in terms of the exhaustion of remedies thereunder, but bans habeas corpus unless "the remedy by motion is inadequate or ineffective to test the legality of his detention." Thus the sole function of this court is to determine whether the remedy under Section 2255 is inadequate or ineffective. Butler v. Looney, 10 Cir., 1955, 219 F.2d 146; Barrett v. Hunter, 10 Cir., 1950, 180 F.2d 510, 20 A.L.R.2d 965.

Since the legality of petitioner's detention has been tested by the sentencing court, and petitioner has utilized his full rights of appeal, this court holds that the Section 2255 remedy has been both adequate and effective. The fact that the Court of Appeals did not rule upon the validity of petitioner's prime legal contention, but disposed of the case on another ground, does not make the Section 2255 remedy inadequate or ineffective. Petitioner is only entitled to a determination as to the legality of his *detention*.

With the above amplifications, the court will adhere to its order of dismissal entered on August 29, 1960.