F I L E D
United States Court of Appeals
Tenth Circuit

AUG 14 2003

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

RONALD MITCHELL,

      Petitioner - Appellant,

v.

J. E. GUNJA, Warden, United States
Penitentiary, Florence,

      Respondent - Appellee.

No. 03-1279
(D.C. No. 03-Z-725)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

Petitioner Ronald Mitchell was convicted in the Southern District of

Illinois, but is serving his sentence in Florence, Colorado. He represents himself

pro se. On July 14, 2003, he filed a petition in the District of Colorado under

§ 2241 to challenge the conviction in his case as improperly obtained and to

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

duplicate the argument of an earlier § 2241 motion still pending before that court. Mitchell alleges that his conviction was improperly obtained because it was based on a forged indictment. He challenges the terms and conditions of his incarceration as allegedly unlawful because he is being deprived of his liberty on the basis of the improper conviction, and because officials in the Bureau of Prisons and the United States Department of Justice have tortured and conspired to murder him in retaliation for challenging the validity of his conviction.

Mitchell previously filed a motion under § 2255 in the Southern District of Illinois that raised the same claims regarding why his conviction was improper, and why he was being unlawfully denied his right to liberty as a result of his conviction. (Slip Op. at 2.) Both the Southern District of Illinois and the Seventh Circuit rejected his petition. (Id.) More recently, on April 7, 2003, Mitchell filed a motion under § 2241 still pending in the District Court of Colorado that detailed the same allegations he makes here regarding officials in the Bureau of Prisons and the United States Department of Justice. (Id. at 3.) After examining Mitchell's July 14, 2003 petition, the district court denied his request for relief for improperly raising claims that should have been filed under § 2255, and as duplicative of his April 7, 2003 motion. (Slip Op. at 3-4.) The district court below further denied a motion Mitchell made for reconsideration as providing no new argument. (Slip Op. on Motion for Reconsideration at 2.) We substantially

agree with the district court's analysis and AFFIRM its dismissal of Mitchell's instant petition pursuant to § 2241.

Motions under § 2241 are generally reserved to challenge the execution of a defendant's sentence rather than its validity. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Moreover, claims may be made under § 2241 only when the statute is the litigant's exclusive remedy. Id. at 166. The proper venue for attacking a conviction itself is under § 2255. 28 U.S.C. § 2255. Petitions for relief under § 2255 must be filed in the court in which the conviction was obtained, rather than in the court for the district in which the petitioner is incarcerated. Bradshaw, 86 F.3d at 166 (quoting Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam)).

Mitchell's challenge to the validity of his conviction, and his challenge to the validity of his confinement as a violation of his liberty because it is based on an improper conviction are, at root, the same challenge to his conviction and should be brought under § 2255. See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence.") (citation omitted). Mitchell additionally makes no showing that § 2255 would be inadequate or ineffective as a statutory remedy for these claims. See, e.g.,

Bradshaw, 86 F.3d at 166 (holding that a petition under § 2241 cannot be "an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255"). The fact that a petitioner has previously been denied relief for a claim under § 2255 does not show that the remedy provided by § 2255 is statutorily inadequate. Id. (quoting Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam)).

Next, Mitchell's challenge to the terms and conditions of his confinement as unlawful because the Bureau of Prisons and the Department of Justice allegedly tortured and plan to murder him has already been filed with the District Court of Colorado in a previous petition still pending under § 2241. See Mitchell v. Ashcroft, No. 03-ES-586 (filed Apr. 7, 2003). We therefore agree with the district court that Mitchell's instant motion in this regard is duplicative.

Accordingly, for substantially the reasons stated by the district court, we AFFIRM the denial of Mitchell's instant § 2241 motion. We also deny his request on appeal to proceed in forma pauperis.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge