**F I L E D**

**UNITED STATES COURT OF APPEALS**

**January 26, 2007**

**TENTH CIRCUIT**

PARMOTO RICHARD PURVIS,

     Petitioner - Appellant,

     v.

R. WILEY, Warden, USP Florence,

     Respondent - Appellee.

No. 06-1117
(D. Ct. No. 04-CV-2039-WDM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Mr. Parmoto Richard Purvis, a federal inmate appearing pro se, appeals the District Court's dismissal of his habeas corpus petition brought under 28 U.S.C. § 2241. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. We deny Mr. Purvis's motion

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

to proceed *in forma pauperis*.

## I. BACKGROUND

In 1996, Mr. Purvis was convicted in the United States District Court for the Southern District of Iowa on one count of engaging in a continuing criminal enterprise ("CCE"), one count of conspiracy to distribute controlled substances, two counts of distribution of cocaine base, and four counts of carrying a firearm in relation to drug trafficking. Mr. Purvis received a sentence of life plus 45 years. Mr. Purvis filed a direct appeal, and the Eighth Circuit affirmed the jury's verdict on May 29, 1997. *See United States v. Purvis*, 114 F.3d 737 (8th Cir. 1997). Subsequently, Mr. Purvis filed a motion in the Southern District of Iowa to vacate his sentence pursuant to 28 U.S.C. § 2255 arguing, among other things, that his convictions for both CCE and conspiracy to distribute controlled substances violate the Double Jeopardy Clause of the Fifth Amendment. The only issue litigated, however, was one relating to *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt). On May 19, 2001, the district court denied Mr. Purvis's petition and denied his request for a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c) (requiring a COA to appeal the denial of a § 2255 petition).

Mr. Purvis, now incarcerated in Colorado, brought this application for a writ of habeas corpus before the District Court under 28 U.S.C. § 2241, arguing that his conspiracy and CCE convictions violate the Double Jeopardy Clause. He also argued that

*Blakely v. Washington*, 542 U.S. 296 (2004), invalidates all of his sentences.  The District Court dismissed Mr. Purvis's petition on the ground that Mr. Purvis could not proceed under § 2241 since he failed to show that relief under § 2255 was inadequate or ineffective to test the legality of his convictions or sentences.

On appeal, Mr. Purvis argues that *Rutledge v. United States*, 517 U.S. 292 (1996), decided after his conviction became final, requires the court to vacate his convictions for conspiracy and CCE to prevent a double jeopardy violation and that a writ under § 2241 is an appropriate remedy.

## II.  DISCUSSION

We review a district court's denial and dismissal of an application for a writ of habeas corpus de novo.  *See Weekes v. Fleming*, 301 F.3d 1175, 1176–77 (10th Cir. 2002).

A § 2255 petition and a § 2241 petition serve distinct purposes.  A § 2255 petition attacks the legality of a conviction or sentence and must be filed in the district that imposed the sentence, while a § 2241 petition attacks the execution of a sentence and must be filed in the district where the prisoner is confined.  *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined."  *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam).  Unless a § 2255 remedy is inadequate or ineffective, it is the exclusive remedy for testing the validity of a judgment and sentence.

*Caravahlo v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999); 28 U.S.C. § 2255. More specifically, a district court is prohibited from entertaining an application for a writ of habeas corpus under § 2241 on behalf of a prisoner who is authorized to apply for relief by motion pursuant to § 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. That is, a habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam).

A remedy under § 2255 is inadequate or ineffective under limited circumstances—for example, when the original sentencing court has been abolished, the sentencing court refuses to consider the petition altogether, the sentencing court inordinately delays consideration of the motion, or when no single court can grant complete relief. *See Caravahlo*, 177 F.3d at 1178 (listing cases). The mere fact that relief under a previous motion was denied is not sufficient. *Butler v. Looney*, 219 F.2d 146, 147 (10th Cir. 1955) (per curiam). Nor do the stringent substantive and procedural barriers to relief under § 2255 by themselves establish that a § 2255 remedy is inadequate or ineffective. *See Caravahlo*, 177 F.3d at 1178 (citing *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997)).

Turning to Mr. Purvis's claim, he argues that *Rutledge v. United States*, in which

- 4 -

the Supreme Court held that conspiracy to distribute a controlled substance is a lesser included offense of engaging in a CCE, 517 U.S. at 300, requires the court to vacate his convictions on those two counts to avoid a double jeopardy violation. In other words, Mr. Purvis's complaint is that his convictions are illegal—an issue properly raised in a § 2255 petition. Mr. Purvis has only argued that § 2255 fails to provide an adequate or effective remedy because the district court judge presiding over his original § 2255 motion demonstrated prejudice and bias against him. The alleged bias of a sentencing court does not, however, render a § 2255 motion inadequate or ineffective because the petitioner may move to recuse the judge, *see Bradshaw*, 86 F.3d at 167, which Mr. Purvis has not done. We therefore agree with the District Court that Mr. Purvis has failed to show that his § 2255 remedy is inadequate or ineffective.

To avoid this procedural hurdle, Mr. Purvis also contends that his dual convictions for conspiracy and CCE affect the execution of his sentence, a claim cognizable under § 2241. Although we acknowledge that the dual convictions have resulted in Mr. Purvis's placement in a high security penitentiary with additional restrictions on his confinement, the gravamen of Mr. Purvis's complaint is the validity of the convictions themselves. As noted, however, Mr. Purvis has failed to show that relief is inadequate or ineffective under a properly filed § 2255 motion. Instead, the record shows simply that Mr. Purvis has failed to pursue that remedy.[1] *See id.* at 166–67 (rejecting prisoner's § 2241 petition

---

[1]Mr. Purvis already once pursued relief under § 2255. Now, to obtain relief he must seek authorization to file a second, successive § 2255 petition from the appropriate

because he contested the validity, not the execution, of his sentence); *see also, e.g.*, *Mitchell v. Gunja*, 76 Fed. App'x 865, 867 (10th Cir. 2003) (unpublished) ("[The petitioner's] challenge to the validity of his conviction, and his challenge to the validity of his confinement as a violation of his liberty because it is based on an improper conviction are, at root, the same challenge to his conviction and should be brought under § 2255.").

Finally, we note that before the District Court Mr. Purvis asserted that his conspiracy and CCE convictions violate double jeopardy under retroactive application of the Supreme Court's decision in *Richardson v. United States*, 526 U.S. 813, 815 (1999) (holding that a jury in CCE case must unanimously agree not only that defendant committed some "continuing series of violations," but also about which specific "violations" make up that "continuing series"). He does make one unsupported statement in his brief under the heading "Undisputed Facts" that his conviction violates double jeopardy under application of *Richardson*. Yet, nothing in the record demonstrates that Mr. Purvis has been precluded from pursuing this claim in the sentencing court; he simply has not attempted to obtain relief on this claim in those courts. Thus, for the same reasons as noted for Mr. Purvis's *Rutledge* claim, a § 2241 remedy is not available. Accordingly, we agree that the District Court lacked jurisdiction over this matter.[2]

court of appeals (in this case the Eighth Circuit) in accordance with 28 U.S.C. § 2244. Nevertheless, we note that the fact that a petitioner is precluded from filing a second § 2255 petition does not establish that the remedy is inadequate. *See Caravalho*, 177 F.3d at 1179.

[2]On appeal, Mr. Purvis does not contest the District Court's ruling that a § 2255 motion is adequate and effective for his claim that the Supreme Court's rulings in

### III.  CONCLUSION

We have carefully reviewed Mr. Purvis's brief and contentions on appeal, the Warden's arguments, the District Court's order, and the full record in this case.  That review demonstrates, as the District Court concluded, that Mr. Purvis has not made a reasoned, nonfrivolous argument in law or fact to support his petition, *see* 28 U.S.C. § 1915(a)(3).  Accordingly, we AFFIRM the judgment of the District Court and DENY Mr. Purvis permission to proceed on appeal *in forma pauperis*.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge

---

*Blakely*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005) invalidate all of his sentences.  Mr. Purvis only suggests that his argument would be "better argued" following the Supreme Court's decision in *Burton v. Waddington*, — U.S. —, No. 05-9222, 2007 WL 43832 (Jan. 9, 2007) (per curiam), which was pending at the time Mr. Purvis filed his brief and which was to decide the retroactivity of *Blakely*.  The Court did not decide whether *Blakely* decided a new rule retroactively applicable on collateral review; instead, the Court dismissed for lack of jurisdiction.  *Id.* at *1.  In any case, even if the Supreme Court made its holding in this case retroactive, the remedy would be a successive motion under § 2255.  *See* 28 U.S.C. § 2255 (providing for successive motion if based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable").