**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 27 1999**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ERNEST CARAVALHO,

      Petitioner-Appellant,

v.

MICHAEL PUGH, Warden,

      Respondent-Appellee.

No. 99-1001
No. 99-1038
No. 99-1112

---

Appeal from the United States District Court
for the District of Colorado
(D.C. No. 98-D-1752)

---

Submitted on the Briefs:

Ernest Caravalho, *pro se.*

---

Before **TACHA, McKAY,** and **MURPHY,** Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In these consolidated appeals, petitioner Ernest Caravalho challenges the following three rulings of the district court: (1) the denial of Caravalho's 28 U.S.C. § 2241 habeas corpus petition; (2) the denial of Caravalho's Motion for Judge to Voluntarily Withdraw; and (3) the denial of Caravalho's motion to proceed on appeal *in forma pauperis*. Because Caravalho has not demonstrated "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," this court denies Caravalho leave to proceed on appeal without prepayment of fees and **dismisses** his appeals.

Each of the three appeals in this case arise out of the filing of Caravalho's § 2241 petition. In that petition, Caravalho noted that he was convicted in 1991 in the District of Hawaii of cultivating in excess of 1000 marijuana plants and that his conviction was affirmed by the Ninth Circuit in 1993. Caravalho further noted that he had filed a previous 28 U.S.C. § 2255 petition in the District of Hawaii, which in 1996 vacated part of Caravalho's conviction and reduced his sentence by sixty months.

In the instant § 2241 petition, Caravalho raised eight claims attacking the validity of his underlying conviction. In response, the district court issued a Order to Show Cause. In its show cause order, the district court directed

-2-

Caravalho to "show cause in writing . . . why the instant 28 U.S.C. § 2241 habeas corpus application should not be denied because [Caravalho] has an adequate and effective remedy under 28 U.S.C. § 2255 in the United States District Court for the District of Hawaii." In response to the show cause order, Caravalho argued that § 2255 was an inadequate remedy because the statute-of-limitations and successive-writ provisions of the AEDPA barred the filing of a second § 2255 petition. *See* 28 U.S.C. § 2244(a) (second or successive writs); *id.* § 2244(d) (statute of limitations). In light of Caravalho's response to the show cause order, the district court concluded that Caravalho's § 2241 petition must be denied. According to the district court,

> The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365. 366 (10th Cir. 1965) (*per curiam*). A habeas corpus application pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (*per curiam*), *cert. denied*, 377 U.S. 980 (1964). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Id.*

Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances. *See, e.g.*, *Spaulding v. Taylor* 336 F.2d 192, 193 (10th Cr. 1964) (§ 2255 remedy ineffective when the original sentencing court is abolished); *Stirone v. Markley*, 345 F.2d 473, 475 (7th Cir.) (suggesting that § 2255 remedy might be ineffective when the sentencing court refuses to consider the § 2255 petition altogether or when the court delays inordinately consideration of the petition) (dictum), *cert. denied*, 382 U.S. 829 (1965); *Cohen v. United States*, 593 F.2d 766, 771 n.12 (6th Cr. 1979) (noting that § 2255 remedy is ineffective when petitioner is sentenced by three courts, none of which could grant complete relief) (dictum). None of these circumstances is applicable to [Caravalho] in this action.

Furthermore, as noted above, 28 U.S.C. § 2255 is the exclusive remedy for a federal prisoner attacking the legality of his detention. That [Caravalho] may be barred from filing a second or successive motion pursuant to § 2255 in the sentencing count does not establish that the remedy provided in § 2255 is inadequate or ineffective. *See Triestman v. United States,* 124 F.3d 361, 376 (2d Cir. 1997) (§ 2255's substantive and procedural barriers by themselves do not establish that § 2255 is inadequate or ineffective); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (§ 2255 is not inadequate or ineffective merely because the petitioner is unable to meet the stringent gatekeeping requirements).

In response to the district court's denial of his § 2241 habeas petition, Caravalho filed a Motion for Judge to Voluntarily Withdraw. In what can only be charitably described as a lengthy diatribe, Caravalho contended that the Judge Daniel should recuse himself on the basis of bias and prejudice. In particular, Caravalho contended that Judge Daniel's prejudice was apparent from the fact that he had wrongfully dismissed Caravalho's § 2241 petition. Judge Daniel denied the motion to withdraw, noting that it was based on nothing more than disagreement with the district court's adverse rulings. Furthermore, the district

-4-

court denied Caravalho leave to proceed *in forma pauperis* on appeal, holding as follows:

> I have examined the file and I have determined that leave to proceed *in forma pauperis* on appeal must be denied. Pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure, I find that this appeal is not taken in good faith. Because [Caravalho] is attacking the validity of his conviction and has an adequate and effective remedy under 28 U.S.C. § 2255 in the sentencing court, he has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

This court has carefully reviewed Caravalho's briefs and contentions on appeal, the district court's orders, and the entire record on appeal. That review demonstrates that Caravalho has not made a reasoned, nonfrivolous argument in law or fact to support his petition. In particular, we agree with the district court that the mere fact Caravalho is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate. *See United States v. Bryant*, No. 98-1179, 1999 WL 704673 at *2 (10th Cir. Oct. 2, 1998) (unpublished disposition). Furthermore, mere disagreement with the merits of a district court decision, which decision was clearly correct, does not support recusal of the judge. Accordingly, this court **DENIES** Caravalho permission to proceed on appeal *in forma pauperis* and **DISMISSES** these appeals.