**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 6 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY LEON GREENHILL,

Petitioner - Appellant,

v.

R. E. HOLT, Warden, U.S.P.,
Florence, Colorado,

Respondent - Appellee.

No. 99-1369

(D.C. No. 99-Z-993)

(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining Petitioner-Appellant's brief and the appellate record, this

panel has determined unanimously that oral argument would not materially assist

the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R.

34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Anthony Leon Greenhill, proceeding pro se, appeals the district

court's dismissal of his 28 U.S.C. § 2241 petition. Currently in custody of the

United States Penitentiary at Florence, Colorado, Petitioner was convicted in the

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

United States District Court for the Eastern District of California for being a felon in possession of a firearm, and he was sentenced to 293 months' imprisonment. His conviction and sentence were affirmed on direct appeal to the Ninth Circuit. Petitioner admits that he filed a 28 U.S.C. § 2255 motion in the Eastern District of California but asserts that the court denied the motion without addressing all the claims and declined to issue a certificate of appealability. The Ninth Circuit also refused to issue a certificate of appealability.

In his § 2241 petition filed in the district where he is confined, Petitioner's first three claims challenge the validity of his conviction and sentence. His fourth claim challenges both the validity of his sentence and the Bureau of Prisons' calculation of his sentence. The magistrate judge issued an order to show cause why the § 2241 habeas corpus application should not be denied because Petitioner has an adequate and effective remedy under 28 U.S.C. § 2255.

After reviewing Petitioner's application and his response to the show cause order, the district court denied the first three claims and the portion of his fourth claim challenging the validity of his conviction and sentence. The court held that the remedy provided by § 2255 is not inadequate or ineffective merely because Petitioner can be barred from filing a second or successive § 2255 motion. See R., Doc. 13 at 4 (citing Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999)). The court also rejected the argument that the sentencing court's failure to

address all of the claims raised in Petitioner's first § 2255 motion established that the remedy provided in § 2255 is inadequate or ineffective.

Petitioner's fourth and final claim challenged the Bureau of Prisons' calculation of his sentence in denying him federal credit for a year of incarceration after his arrest by state officials for violation of state parole. He claimed that he should receive credit against his federal sentence because he served the disputed one-year period in federal custody and because the parole violator sentence was imposed in an administrative proceeding rather than a judicial one. The district court rejected these arguments and held that the Bureau of Prisons correctly determined that Petitioner should not receive double credit for this period of incarceration. The district court dismissed the § 2241 petition and denied Petitioner's application for leave to proceed *in forma pauperis* on appeal. This appeal followed.

Petitioner has renewed his motion to proceed *in forma pauperis* on appeal and has submitted a separate *in forma pauperis* application to the court. He makes essentially the same arguments on appeal that he made to the district court and claims that he has no other means to challenge his unconstitutional conviction and sentence than that provided by 28 U.S.C. § 2241.[1]

---

[1]Petitioner's request for a certificate of probable cause from this court is denied as moot because no certificate of appealability is required to appeal from
(continued...)

We have reviewed Petitioner's brief, the record, the magistrate judge's show cause order, and the district court's thorough order dismissing the § 2241 petition. We grant Petitioner's motion for leave to proceed *in forma pauperis* on appeal. However, because the district court's order accurately reflects the record and applies correct principles of law, and because there is nothing we can add to that decision, we affirm the judgment of the district court dismissing the § 2241 petition for the reasons stated in its Order filed August 11, 1999.

AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[1](...continued)
the denial of a 28 U.S.C. § 2241 application. See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 n.1 (10th Cir. 1997).