**F I L E D**

**UNITED STATES COURT OF APPEALS**

**DEC 19 2000**

**TENTH CIRCUIT**

JOHN HENRY JAMES,

     Petitioner-Appellant,

v.

GENE ATHERTON, Warden; JOHN
W. SUTHERS, Dir. DOC;
ATTORNEY GENERAL OF THE
STATE OF COLORADO ,

     Respondents-Appellees.

No. 00-1267
(D.C. No. 99-Z-2464)
(Colorado)

---

## ORDER AND JUDGMENT*

---

Before **SEYMOUR**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

John Henry James was convicted in 1994 of murdering a fellow inmate and

sentenced to life in prison. He filed this pro se petition under 28 U.S.C. § 2254

raising numerous challenges to his conviction. The district court dismissed the

---

*After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

action on two grounds, holding that Mr. James had failed to exhaust his state remedies and that his application was barred under the one-year limitation period imposed by 28 U.S.C. § 2244(d). We conclude that his action is time-barred. We therefore deny his application for a certificate of appealability and his motion to proceed in forma pauperis,[1] and dismiss his appeal.[2]

The one-year limitation period at issue here was added by the Antiterrorism and Effective Death Penalty Act (AEDPA), which took effect on April 24, 1996. Mr. James filed his section 2254 petition in December, 1999, and it is therefore subject to the AEDPA provisions. Under AEDPA, a person in custody pursuant to a state court judgment must file an application for relief pursuant to 28 U.S.C. § 2254 within one year from the date that "the judgment becomes final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3]

---

[1] A certificate of appealability will not issue unless a petitioner makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2254(c)(2). An applicant cannot proceed in forma pauperis if his appeal is not taken in good faith because he has not shown a reasoned, nonfrivolous argument on the law and the facts in support of the issue raised on appeal. *See Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999).

[2] Mr. James filed a "Motion Requesting Composition of the Record on Appeal." The entire record was forwarded to us by the district court. Therefore Mr. James' motion is moot.

[3] Section 2244(d)(1) provides in its entirety:
    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

Mr. James was convicted on August 24, 1994, and the state supreme court denied certiorari review of his direct appeal on May 19, 1997. He then had ninety days in which to seek certiorari review in the United States Supreme Court. *See* Sup. Ct. R. 13.1. Thus for purposes of section 2244(d)(1)(A) his conviction became final and his one-year period began to run on August 17, 1997. He did not file his section 2254 petition, however, until December 15, 1999, well after the one-year period had ended. We agree with the district court that actions Mr. James filed after the limitation period had expired do not toll the period.[4] Accordingly, his appeal is **DISMISSED**.

judgment of a State court. The limitation period shall run from the latest of–

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The only provision applicable to Mr. James' situation is section 2244(d)(1)(A).

[4] Tolling is provided by 28 U.S.C. § 2244(d)(2), which states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."

ENTERED FOR THE COURT
Stephanie K. Seymour
Chief Judge