**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 30 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHNNY WILLIAMS,

 Petitioner - Appellant,

 v.

N.L. CONNER, Warden,

 Respondent - Appellee.

No. 02-3078

(D.C. No. 01-CV-3482-RDR)

(D. Kansas

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2).  The case is, therefore, ordered submitted without oral argument.

 Johnny Williams, a federal prisoner proceeding pro se, brought this action under 28 U.S.C. § 2241 and challenges the validity of his sentence.  Mr. Williams

---

 * This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

was convicted of attempted possession of cocaine with intent to distribute, and his conviction was affirmed on direct appeal by the Eighth Circuit. See United States v. Williams, 109 F.3d 502 (8th Cir. 1997). Mr. Williams subsequently filed a motion pursuant to 28 U.S.C. § 2255 with the sentencing court; that motion was denied. Mr. Williams next sought permission to file a successive § 2255 petition, asserting that his conviction violated Apprendi v. New Jersey, 530 U.S. 466 (2000). The Eighth Circuit denied that request.

In his § 2241 petition, he raised three challenges to his conviction and sentence, asserting: (1) the quantity used to sentence him was not proven to a jury beyond a reasonable doubt, (2) unlawful entrapment, and (3) actual innocence. The district court adopted the magistrate judge's report and recommendation and denied the § 2241 petition. The district court noted that the denial of permission to pursue either (1) an Apprendi claim or (2) an unsupported actual innocence claim in a successive § 2255 petition does not make § 2255 an inadequate or ineffective remedy. On appeal, Mr. Williams challenges only the district court's ruling in regard to his Apprendi claim.

A § 2241 petition properly challenges the execution of a prisoner's sentence, rather than the validity of the imposition of the sentence. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Mr. Williams's petition does not

meet this test because his Apprendi claim challenges the validity of his conviction and sentence. Therefore, this claim is generally not cognizable under § 2241.

Mr. Williams argues that relief is available under § 2241, because § 2255 does not provide an adequate or effective remedy for his claims. See generally 28 U.S.C. § 2255, ¶ 5 (West 2001). More specifically, Mr. Williams argues that § 2255 is inadequate or ineffective in this circumstance because the Eighth Circuit has denied his request to file a second or successive § 2255 petition.

Section 2255, however, is not rendered inadequate or ineffective because the petitioner has been denied relief under that section or because he may have been denied leave to file a second motion to vacate. See Caravalho v. Pugh , 177 F.3d 1177, 1179 (10th Cir. 1999) (preclusion of filing second or successive § 2255 petition); Bradshaw , 86 F.3d at 166 (failure to obtain relief under § 2255). We reject Mr. Williams's argument that the § 2255 remedy is "inadequate or ineffective" for prisoners in his situation. Section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." Bradshaw , 86 F.3d at 166. Mr. Williams's proposed rule would allow prisoners to raise in § 2241 proceedings new rules of constitutional law that have not been explicitly made retroactive by the Supreme Court. Such a conclusion would run counter to the plain text and structure of § 2255 as well as the intent of Congress to restrict second or successive habeas corpus petitions to extremely limited situations.

The judgment of the district court is AFFIRMED.

Entered for the Court,


Robert H. Henry
Circuit Judge