**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 23, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PAUL NEWTON,

       Petitioner - Appellant,

v.

BLAKE DAVIS, Warden, FCI
Englewood,

       Respondent - Appellee.

No. 08-1121
(D.C. No. 1:07-CV-02040-ZLW)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **McCONNELL**, and **TYMKOVICH**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Paul Newton appeals an order entered by the United States District Court for the District of Colorado dismissing his application under 28 U.S.C. § 2241 for writ of habeas corpus. We affirm.

Petitioner pleaded guilty in the United States District Court for the Southern District of Indiana of being a felon in possession of a firearm. In early 2003 he was sentenced as an armed career criminal to a term of 180 months' incarceration, followed by five years of supervised release. No direct appeal was filed.

In 2003, he filed his first motion under 28 U.S.C. § 2255 in the Southern District of Indiana, which was denied. No appeal was filed. Since then, Petitioner has filed numerous motions in the United States Court of Appeals for the Seventh Circuit seeking authorizations to file second or successive § 2255 motions, all of which have been denied. In March 2007 the Seventh Circuit imposed filing restrictions on Petitioner and fined him $500. Since imposition of this $500 fine, which has not been paid, Petitioner has filed at least two additional motions in the Seventh Circuit seeking authorization, which were dismissed based on Petitioner's failure to pay the $500 fine imposed in March 2007.

In October 2007, while incarcerated at the Federal Correctional Institution in Littleton, Colorado, Petitioner Newton filed a § 2241 petition in the District of Colorado claiming that he did not knowingly and voluntarily waive his right of direct appeal; his trial counsel was ineffective; and the issue of whether his prior

2

state convictions constituted "crimes of violence" should be certified to the Indiana Supreme Court. The District of Colorado dismissed the § 2241 petition, concluding that the appropriate remedy for Petitioner was under § 2255 in the Southern District of Indiana where he was convicted and sentenced, and not under § 2241 in the District of Colorado. This appeal followed.

We review *de novo* the district court's dismissal of Paul Newton's § 2241 application. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Upon review of the record and appellate brief, we conclude that the district court was correct in dismissing the § 2241 petition. A § 2241 petition is not the proper means to raise the claims alleged by Petitioner Newton. A § 2255 motion in the Southern District of Indiana is the exclusive remedy for Petitioner to challenge his conviction and sentence, unless it is inadequate or ineffective. Petitioner, however, has not established the inadequacy or ineffectiveness of a § 2255 motion. The mere fact that he has been denied relief under § 2255 does not establish that this statutory remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). The fact that he is precluded from filing another § 2255 motion in the Souther District of Indiana does not establish that this statutory remedy is inadequate or ineffective. *See Caravalho v. Pugh,* 177 F.3d 1177, 1179 (10th Cir. 1999). And although second or successive applications are restricted under the Antiterrorism and Effective Death Penalty Act, they are not prohibited. See 28 U.S.C. § § 2244(b)(2), 2255.

3

The district court's March 28, 2008 Order of Dismissal and separate judgment are **AFFIRMED**.  Petitioner's motion for leave to proceed *in forma pauperis* is **DENIED**.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


PER CURIAM

4