**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 23, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EL-SAYYID NOSAIR,

      Petitioner-Appellant,

v.

WARDEN RON WILEY,

      Respondent-Appellee.

No. 08-1270

(D.C. No. 07-cv-02596-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, MURPHY,** and **HARTZ,** Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is,

therefore, submitted without oral argument.

      El-Sayyid Nosair, a federal prisoner appearing pro se, appeals from a

district court order denying his 28 U.S.C. § 2241 application for writ of habeas

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

corpus. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

Nosair is a federal prisoner incarcerated at the Administrative Maximum United States Penitentiary in Florence, Colorado (ADX). In January 1996, Nosair was convicted in the United States District Court for the Southern District of New York of seditious conspiracy, two counts of attempted murder and one count of murder in furtherance of a racketeering enterprise, attempted murder of a federal officer, three counts of use of a firearm in relation to a crime of violence, and possession of a firearm with an obliterated serial number. See United States v. Rahman, 189 F.3d 88, 103-04 (2d Cir. 1999) (affirming Nosair's convictions and those of his co-conspirators). Nosair had previously been convicted in New York state court on related weapons charges. Id. at 105 n.3.

Nosair initiated this action on December 13, 2007, by filing a motion for appointment of counsel. Nosair's motion indicated that in April 2007 he "discovered," by way of a "new published book" regarding his criminal case, "new evidence" indicating that "the prosecutors had committed a sever[e] Brady violation . . . ." ROA, Vol. 1, Doc. 2 at 2. The motion further indicated that Nosair desired the appointment of counsel because he "need[ed] to make an investigation about the new discovery" and, in turn, wished "to file a 'habeas corpus' against the Warden of ADX . . . ." Id. at 3.

On January 9, 2008, Nosair filed a pro se application for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241. In his application, Nosair alleged that he was "being held in custody unlawfully because [his] conviction and sentence were obtained by the unconstitutional failure of the prosecution to disclose . . . evidence favorable to the defendant . . . ." Id., Doc. 4 at 3.

On January 11, 2008, the magistrate judge assigned to the case issued an order directing Nosair to show cause why his application should not be denied. The magistrate judge noted that "Nosair [wa]s challenging the validity of his conviction and sentence in the United States District Court for the Southern District of New York," and that the exclusive remedy for testing the validity of a judgment and sentence, unless shown to be inadequate or ineffective, was a motion filed pursuant to 28 U.S.C. § 2255 in the court of conviction. Id., Doc. 5 at 2. In his response to the show cause order, Nosair alleged that he was "assert[ing] two claims of prosecutorial misconduct based on newly discovered evidence that the government allegedly failed to disclose to the defense that would demonstrate his actual innocence, by withholding information and by keeping a major witness from the state and federal trials and from the defense, in both cases . . . ." Id., Doc. 14 at 1 (emphasis in original). Nosair further alleged that "[c]omplete relief c[ould] not be accomplished . . . pursuant to 28 U.S.C. § 2254 nor § 2255." Id. at 2 (emphasis in original). More specifically, he alleged that "[r]equiring [him] to seek relief in two actions in two courts, none of which could grant [him] complete relief, represent[ed] an inadequate and ineffective

-3-

avenue for judicial redress." Id. Nosair explained that he "filed his habeas petition in order that he could get granted complete relief from his state and federal convictions and sentences together since the claims he [wa]s raising relate[d] to both his state and federal cases." Id.

On June 3, 2008, the district court denied Nosair's application and dismissed the action. In doing so, the district court explained the differences between "a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 . . . ." Id., Doc. 15 at 2. In turn, the district court concluded that the proper avenue for Nosair to challenge his federal convictions was to file a § 2255 motion in the United States District Court for the Southern District of New York. Relatedly, the district court concluded that Nosair had "fail[ed] to demonstrate that the remedy available to him pursuant to § 2255 in the sentencing court [wa]s inadequate or ineffective." Id. at 4. Lastly, the district court noted that Nosair "d[id] not assert any claims in this action challenging the validity of [his] state court conviction," and that, in any event, he could "not challenge the validity of his state court conviction" by way of "a habeas corpus action pursuant to § 2241." Id. at 3.

On June 18, 2008, Nosair filed a motion for relief from judgment pursuant to Rule 60(b). The district court denied that motion on July 2, 2008. Nosair has since filed a timely notice of appeal.

II.

In his appeal, Nosair argues that the district court, in denying him relief pursuant to 28 U.S.C. § 2241 and dismissing his action, "incorrectly decided the facts and failed to consider important legal grounds for relief." Aplt. Br. at 2. We review de novo the district court's denial of Nosair's § 2241 application. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

After reviewing the record on appeal and Nosair's appellate pleadings, we conclude that the district court was correct in denying his § 2241 application. A § 2241 application is not the proper vehicle for challenging the validity of Nosair's federal or state convictions. See Bradshaw, 86 F.3d at 166 (noting that "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity"). Rather, as the district court noted, Nosair must challenge his federal convictions by way of a 28 U.S.C. § 2255 motion filed with the sentencing court. As for Nosair's challenge to his state convictions, he must first, as he admits he has failed to do, exhaust his state court remedies. See Magar v. Parker, 490 F.3d 816, 818 (10th Cir. 2007). Only then may he seek federal habeas relief from those convictions pursuant to 28 U.S.C. § 2254. Finally, we agree with the district court that Nosair has failed to establish that the remedies available to him via §§ 2254 and 2255 are inadequate or ineffective. See Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999) ("Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances.").

-5-

The judgment of the district court is AFFIRMED.  Nosair's declaration for entry of default is DENIED.  Nosair's declaration for entry of default and motion for leave to proceed in forma pauperis are DENIED.


Entered for the Court


Mary Beck Briscoe
Circuit Judge