**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 25, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

INGMAR GILLON,

     Plaintiff-Appellant,

v.

THE FEDERAL BUREAU OF
PRISONS; WARDEN BLAKE
DAVIS; US PENITENTIARY -
Florence, Colorado; CASE
MANAGER CASTRO; CASE
MANAGER SULLIVAN; UNIT
MANAGER WILNER; COUNSELOR
HANSEN; MICHAEL NALLEY,
Administrative Remedy Coordinator;
HAROLD WATTS, Administrative
Remedy Coordinator; BALLANTONI,
Head of Education; S.
OPPENHEIMER, Business Office;
UNKNOWN OFFICER, a/k/a
Telemundo, Business Office;
UNKNOWN OFFICER, a/k/a Mr. C,
Food Service Officer; ECK,
RECREATION OFFICER; BLANKE,
Health Service PA; HUTTLESON,
Health Service PA; UNKNOWN
CHAPLAIN(S); ESTRADA, SHU,
Property Officer; REGAN, Compound
Officer; LIEUTENANT LINCOLN;
LIEUTENANT WACKER;
LIEUTENANT, or Correctional
Officer, N. NELSON; LIEUTENANT
PEMMENTIEL (phonetically);
LIEUTENANT EADS; LIEUTENANT
WELLES; LIEUTENANT
CORDOVA; LIEUTENANT
UNKNOWN; CORRECTIONAL

No. 10-1425
(D.C. No. 1:09-CV-02530-ZLW)
(D. Colo.)

OFFICER MONTOYA; CORRECTIONAL OFFICER VASQUEZ; CORRECTIONAL OFFICER STEPGALL; CORRECTIONAL OFFICER KELLEN; CORRECTIONAL OFFICER HESS; CORRECTIONAL OFFICER LEWIS; CORRECTIONAL OFFICER HARRINGTON; CORRECTIONAL OFFICER GOODE; CORRECTIONAL OFFICER MEYERS; CORRECTIONAL OFFICER ROY; CORRECTIONAL OFFICER PHILIPS; CORRECTIONAL OFFICER UNKNOWN, a/k/a the MAD RUSSIAN; CORRECTIONAL OFFICER ESTRADA; CORRECTIONAL OFFICER WHITCOMB; CORRECTIONAL OFFICER BURBANK; CORRECTIONAL OFFICER ARMIJO; CORRECTIONAL OFFICER ROGAINOV (or RAGAINOSKI); CORRECTIONAL OFFICER TAYLON; CORRECTIONAL OFFICER DOVE; CORRECTIONAL OFFICER HAGANS; CORRECTIONAL OFFICER KENT; CORRECTIONAL OFFICER DUVAL; CORRECTIONAL OFFICER LEGER; CORRECTIONAL OFFICER RODRIGUEZ; CORRECTIONAL OFFICER COWLEY; CORRECTIONAL OFFICER COLE; THREE UNKNOWN CORRECTIONAL OFFICERS, AND USP FLORENCE, Mail Room, Commissary, and Food Service,

2

Defendants-Appellees.

## ORDER AND JUDGMENT[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Plaintiff-Appellant Ingmar Gillon, a federal prisoner proceeding pro se,[1] appeals from the district court's denial of his motion to alter or amend its judgment dismissing his case for failure to file a properly amended complaint. Mr. Gillon also requests leave to proceed *in forma pauperis* ("IFP") on appeal. Exercising jurisdiction under 28 U.S.C. §1291, we affirm the district court's denial of Mr. Gillon's motion to alter or amend and deny Mr. Gillon's motion to proceed IFP for the reasons set forth below.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] We construe Mr. Gillon's pro se filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

3

## BACKGROUND

On October 27, 2009, Mr. Gillon filed a lengthy complaint alleging numerous violations of his constitutional rights by over fifty different prison officials at the United States Penitentiary in Florence, Colorado. On December 18, 2009, a magistrate judge directed Mr. Gillon to file an amended complaint within thirty days that properly complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Mr. Gillon objected to the magistrate judge's instructions, which the court construed as objections filed pursuant to 28 U.S.C. § 636(b)(1)(A). The district court denied those objections in a January 25, 2010, order that again directed Mr. Gillon to amend his complaint within thirty days and, more specifically, instructed him in doing so to comply with the joinder requirements of the Federal Rules of Civil Procedure. On February 12, 2010, Mr. Gillon filed a motion to alter or amend the court's January order. The court denied Mr. Gillon's motion and directed him to comply with its January order.

Mr. Gillon failed to file an amended complaint, and the district court dismissed his case for lack of prosecution on March 4, 2010. Mr. Gillon then filed a motion asking the court to alter or amend its March 4 judgment, which the court granted on March 25, 2010, reinstating Mr. Gillon's case and once again directing him to file a properly amended complaint within thirty days. Mr. Gillon filed an amended complaint on May 10, 2010, again asserting a long list of claims

against numerous federal officials.

On May 12, 2010, the district court dismissed Mr. Gillon's case without prejudice, observing that he had failed to meet the thirty-day timeline and concluding that, even if his amended complaint had been timely filed, Mr. Gillon had failed to comply with the Rule 8 and Rule 20 pleading requirements. On May 28, 2010, Mr. Gillon filed a motion asking the district court to alter or amend its May 12, 2010, order and judgment, which the district court denied on July 7, 2010. Mr. Gillon appeals from the district court's July order.[2]

## DISCUSSION

We review the district court's denial of Mr. Gillon's motion to alter or amend for an abuse of discretion. *See, e.g.*, *Wright ex rel. Trust Co. of Kan. v.*

---

[2] As a threshold matter, we note that the timeliness of Mr. Gillon's appeal is questionable. Under Rule 4 of the Federal Rules of Appellate Procedure, Mr. Gillon's appeal was due on or before September 6, 2010—within 60 days of the district court's July 7 order and judgment. *See* Fed. R. App. P. 4(a)(1)(B). Mr. Gillon did not file his notice of appeal until September 13, 2010. Nonetheless, we construe Mr. Gillon's petition as timely under the prison mailbox rule, as he has included a declaration with his filing in which he swears, under penalty of perjury, that he sent his notice of appeal on September 5, 2010. *See* Fed. R. App. P. 4(c)(1) ("Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which state the date of deposit and state that first-class postage has been prepaid."). We also note that the envelope containing Mr. Gillon's appellate filing was postmarked September 6, 2010. *See Price v. Philpot*, 420 F.3d 1158, 1163–64 (10th Cir. 2005) ("The prison mailbox rule, as articulated by the Supreme Court . . . holds that a *pro se* prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." (citation omitted)).

5

*Abbott Labs., Inc.*, 259 F.3d 1226, 1235 (10th Cir. 2001); *see also Searles v. Dechant*, 393 F.3d 1126, 1132 (10th Cir. 2004) (noting that our review of a district court's denial of a motion for reconsideration is "extremely limited"). The bases for granting such a motion "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). In the present case, Mr. Gillon argues that the district court erred in denying his motion to alter or amend because: (1) his amended complaint was timely filed pursuant to the prison mailbox rule; (2) his amended complaint complied with Federal Rule of Civil Procedure 8; (3) his amended complaint meets the requirements of Federal Rule of Civil Procedure 20(a)(2); and (4) the district court failed to take appropriate action under Federal Rule of Civil Procedure 5.1. None of these claims have merit. Accordingly, we conclude with no difficulty that the district court did not abuse its discretion in denying Mr. Gillon's motion to alter or amend.

First, Mr. Gillon's mailbox rule argument is largely irrelevant, since the district court declined to dispose of Mr. Gillon's motion on timeliness grounds. *See* R., Vol. I, at 568 (Order of Dismissal, filed May 12, 2010) ("The [c]ourt, nonetheless, will not deny Mr. Gillon's Motion to Reconsider based on the untimely filing."). Second, Mr. Gillon's Rule 8 argument is unpersuasive. Apparently, Mr. Gillon contends that he met the requirements of Rule 8(d)(2) by

6

setting out "two or more statements of a claim or defense alternatively," Fed. R. Civ. P. 8(d)(2), because he did not know "in advance" which "legal theory . . . [he would] succeed in." Aplt. Opening Br. at 6. However, even assuming that Mr. Gillon complied with the requirements of 8(d)(2), that does not mean that he followed Rule 8's other directives. The district court warned Mr. Gillon to include "a short and plain statement of the grounds for the court's jurisdiction, . . . a short and plain statement of the claim showing that the pleader is entitled to relief, and . . . a demand for the relief sought" pursuant to Rule 8(a). R., Vol. I, at 251 (Order Directing Pl. to File Am. Compl., filed Dec. 18, 2009) (quoting Fed. R. Civ. P. 8(a)) (internal quotation marks omitted). Yet, the amended complaint that Mr. Gillon filed on May 10, 2010, consists of a series of haphazardly grouped "causes of action" that set out a chronological narrative of incidents allegedly involving the numerous individual officers against whom Mr. Gillon has filed suit. This narrative, accompanied by approximately 200 pages of "exhibits" that are marked with handwritten commentary, falls far short of Rule 8's "short and plain" pleading requirements. Given that Mr. Gillon clearly failed to meet those requirements despite multiple reminders that he was obligated to do so, the district court committed no error in dismissing his complaint for failure to comply with Rule 8(a).

Mr. Gillon's third argument is premised upon a misreading of Rule 20(a)(2), which allows defendants to be joined in an action where "any right to

relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrence . . . ." Fed. R. Civ. P. 20(a)(2)(A). Mr. Gillon apparently argues that joinder is permitted here because each of his claims allege "constitutional violations" which relate to his overarching allegation of retaliation by prison officials. Aplt. Opening Br. at 9. As the district court noted in its order dismissing Mr. Gillon's amended complaint, however, the amended complaint combines "separate and unrelated claims"—many of them arising out of different alleged incidents—against multiple defendants. R., Vol. I, at 555. The court made similar observations in denying Mr. Gillon's motion to alter or amend. *See id.* at 569 ("Each of the claims appear to involve separate incidents and for the most part involve different individuals."). This is clearly insufficient for purposes of Rule 20(a).

Finally, Mr. Gillon's Rule 5.1 argument is entirely without merit. Apparently, Mr. Gillon believes that the district court ran afoul of Rule 5.1(b), which requires the district court—when a party constitutionally challenges a federal or state statute—to "certify to the appropriate attorney general that a statute has been questioned." Fed. R. Civ. P. 5.1(b). However, as Mr. Gillon himself contends, he challenges several *BOP policies*, not a *federal or state statute*. *See* Aplt. Opening Br. at 11. Rule 5.1 only pertains to pleadings "drawing into question the constitutionality of a federal or state statute"; thus, it is inapplicable here. *See* Fed. R. Civ. P. 5.1(a).

8

In sum, Mr. Gillon fails to assert a plausible argument that the district court erred in denying his motion to alter or amend.  Therefore, we uphold the district court's decision.  Moreover, we conclude that Mr. Gillon has failed to present a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Caravalho v. Pugh*, 177 F.3d 1177, 1177 (10th Cir. 1999). Accordingly, we deny Mr. Gillon's motion to proceed IFP on appeal.

## <u>CONCLUSION</u>

For the foregoing reasons, we **AFFIRM** the district court's denial of Mr. Gillon's motion to alter or amend and **DENY** Mr. Gillon's motion for leave to proceed IFP on appeal.  We direct Mr. Gillon to remit the full amount of the appellate filing fee.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge