FILED
United States Court of Appeals
Tenth Circuit

November 29, 2017

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

CHARLES HERBERT HALEY,

Petitioner - Appellant,

v.

JOE ALBAUGH,

Respondent - Appellee.

No. 17-6111
(W.D. Okla.)
(D.C. No. 5:16-CV-00331-D)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **KELLY**, **MURPHY,** and **MATHESON**, Circuit Judges.

This matter is before the court on Charles Haley's pro se requests for a certificate of appealability ("COA") and to proceed on appeal in forma pauperis ("IFP"). Haley seeks a COA so he can appeal the district court's denial of his 28 U.S.C. § 2254 petition. 28 U.S.C. § 2253(c)(1)(A). Because Haley has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal. Additionally, as Haley has failed to present a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," we deny his request to proceed IFP. *Caravalho v. Pugh*, 177 F.3d 1177, 1177 (10th Cir. 1999).

Haley pleaded guilty in Oklahoma state court to second-degree robbery, in violation of Okla. Stat. tit. 21, § 792, after two or more former felony convictions. In his plea, Haley acknowledged his conviction carried a potential sentence of twenty-years to life and agreed to a sentence of twenty-five years' imprisonment. Haley thereafter brought a state petition for post-conviction relief asserting, inter alia, (1) his sentence was improperly enhanced based on stale prior convictions and (2) his attorney was ineffective for failing to recognize the habitual offender enhancement was improper. The Oklahoma Court of Criminal Appeals ("OCCA") concluded the merits issue (whether the sentence was, in fact, improperly enhanced based on stale prior convictions) was waived because it was not asserted on direct appeal. The OCCA, nevertheless, reached the merits of Haley's claim of ineffective assistance, concluding Haley failed to demonstrate either deficient performance or prejudice.

Haley then filed the instant § 2254 habeas petition reasserting these two claims. In an exceedingly thorough Report and Recommendation, a magistrate judge recommended that Haley's habeas petition be denied. Choosing to bypass messy issues surrounding applicability of a procedural bar, the magistrate judge concluded on the merits that Haley's habitual offender sentence was supported by more than two non-stale former felony convictions. *See Cannon v. Mullin*, 383 F.3d 1152, 1160 (10th Cir. 2004) ("When questions of procedural bar are problematic, however, and the substantive claim can be disposed of readily, a

federal court may exercise its discretion to bypass the procedural issues and reject a habeas claim on the merits."). Given that determination, the magistrate judge further concluded the OCCA's rejection of Haley's ineffective assistance claim was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). Upon de novo review, the district court adopted the magistrate judge's Report and Recommendation and denied Haley's petition.

The granting of a COA is a jurisdictional prerequisite to Haley's appeal from the denial of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). In evaluating whether Haley has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although he need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Haley's appellate filings, the magistrate judge's comprehensive Report and Recommendation, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Haley is not entitled to a COA. The district court's resolution of Haley's § 2254 petition is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Instead, the arguments set out in Haley's brief on appeal are clearly at odds with the facts and governing law. Accordingly, this court **DENIES** Haley's request for a COA and **DISMISSES** this appeal. Haley's motion to supplement the record with materials that were not before the district court is **DENIED**. *See United States v. Kennedy*, 225 F.3d 1187, 1191-92 (10th Cir. 2000) (holding that consideration of material outside of the record before the district court is generally impermissible). Furthermore, given that this court has denied his motion to proceed on appeal IFP, we direct Haley to remit forthwith the full amount of the appellate filing fee.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-4-