**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ZACK ZAFER DYAB,

     Petitioner - Appellant,

v.

NICOLE ENGLISH, Warden,

     Respondent - Appellee.

No. 19-3010
(D.C. No. 5:18-CV-03290-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **CARSON**, **BALDOCK**, and **MURPHY**, Circuit Judges.[**]
_____

In 2010, Petitioner Zack Zafer Dyab, a federal prisoner proceeding *pro se*,

pleaded guilty to money laundering in violation of 18 U.S.C. § 1957 and conspiracy

to commit wire fraud in violation of 18 U.S.C. § 371. He has since filed three

unsuccessful motions for post-conviction relief under 28 U.S.C. § 2255. Undeterred,

he now turns to another statute—28 U.S.C. § 2241—in an effort to seek post-

conviction relief a fourth time. But unfortunately for Petitioner, the district court

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument.

correctly determined that it lacked statutory jurisdiction to adjudicate his § 2241 petition, and so we must affirm its order dismissing his petition on that basis.

To understand why, first consider that federal prisoners like Petitioner can't simply turn to § 2241 as a matter of choice when collaterally attacking their convictions or sentences. That statute is "generally reserved for complaints about the *nature* of a prisoner's confinement"—i.e., the conditions of his confinement—"not the *fact* of his confinement." Prost v. Anderson, 636 F.3d 578, 581 (10th Cir. 2011) (emphases in original). For that reason, federal prisoners must generally utilize § 2255 if they hope "to attack the legality of [their] conviction[s] or sentence[s]." Id. Indeed, through § 2255, "Congress has chosen to afford every federal prisoner the opportunity to launch at least one collateral attack to any aspect of his conviction or sentence." Id. at 583.

The problem many of those prisoners face, however, is that § 2255 heavily constrains the instances in which they can file "second or successive" collateral attacks on their convictions or sentences. 28 U.S.C. § 2255(h). To get that extra bite at the apple, a federal prisoner's claim must involve "either newly discovered evidence strongly suggestive of innocence or new rules of constitutional law made retroactive by the Supreme Court." Prost, 636 F.3d at 581; see also 28 U.S.C. § 2255(h). Absent one of those two narrow circumstances, the federal prisoner is almost always unable to move forward on his or her additional request for relief.

"Yet, even here Congress has provided an out." Prost, 636 F.3d at 584. A federal prisoner can bypass the stringent requirements on second or successive

2

motions if he can establish that § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under this "savings clause," which applies in only "extremely limited circumstances," Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999), "a prisoner may bring a second or successive attack on his conviction or sentence under 28 U.S.C. § 2241, without reference to § 2255(h)'s restrictions." Prost, 636 F.3d at 584. In such a scenario, § 2241 shifts gears from its usual function and "allows a federal prisoner . . . to challenge the legality of his detention, not just the conditions of his confinement." Id. at 581.

Petitioner's desire to utilize § 2241 this fourth time around stems from this savings clause. Specifically, Petitioner claims that his conviction and sentence for money laundering—ten years' imprisonment and a hefty $6.4 million restitution payment—are invalid under the Supreme Court's decision in United States v. Santos, 553 U.S. 507 (2008).[1] The Santos decision, however, did not announce a new rule of constitutional law, much less one that the Supreme Court made retroactive; rather, Santos only interpreted a statute similar to the one under which Petitioner was convicted for money laundering. See Prost, 636 F.3d at 581 (observing that Santos announced "a new statutory interpretation" and not a new, retroactive rule of constitutional law); see also Santos, 553 U.S. at 514 (plurality opinion) (announcing the holding of Santos). Thus, because Petitioner has not directed us to any new

---

[1] Petitioner's reasons for believing that Santos invalidates his conviction and sentence for money laundering are not relevant to our disposition of his appeal, so we refrain from discussing them and pass no judgment upon them.

evidence strongly suggestive of innocence, he cannot bring his Santos-based argument in a successive § 2255 motion. But that doesn't mark the end of the road for him, he argues, because § 2255 is inadequate or ineffective to test his detention, conviction, and sentence on the basis of Santos. Indeed, although the Supreme Court issued that decision two years before Petitioner pleaded guilty, Petitioner contends that governing circuit law *interpreting* Santos "was evolving" from the time his case began. He thus seems to be claiming that he was unequivocally barred from prevailing on his Santos-based argument until circuit law interpreting that decision developed in his favor, which was at some point after he filed his first § 2255 motion. And as a result, he maintains that he should be able to utilize the savings clause and § 2241 to launch a fourth collateral attack on his conviction by relying on Santos and its progeny.

Even assuming *arguendo* Petitioner is correct that Santos and its progeny invalidated his conviction and sentence for money laundering only after he filed his first § 2255 motion, our decision in Prost nonetheless forces us to conclude that Petitioner cannot now pursue this argument through a § 2241 petition. In Prost, we held that "[t]he relevant metric or measure" for determining whether § 2255 is adequate or effective is "whether a petitioner's argument challenging the legality of his detention could have been *tested* in an initial § 2255 motion." Prost, 636 F.3d at 584 (emphasis added). "If the answer is yes, then the petitioner may not resort to the savings clause and § 2241." Id. And significantly, an argument could have been "tested" if "the petitioner had an *opportunity* to bring" it, and that remains true *even*

4

*if* the argument "would have been rejected on the merits at the district court and circuit panel levels because of adverse circuit precedent." Id. at 584, 590 (emphasis in original). Thus,

> it is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative. To invoke the savings clause, there must be something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention.

Id. at 589 (emphases in original).

Coincidentally, the Prost court then held that the petitioner in that case could not pursue a Santos-based argument in a § 2241 petition even though adverse circuit precedent would have prevented him from prevailing on it in his earlier § 2255 motion. See id. at 590–93. In so holding, the Court explained that the petitioner was "entirely free to raise and test a Santos-type argument in his initial § 2255 motion" even though that argument likely would have failed at the time. Id. at 590.

Prost controls here. Even if Petitioner's Santos argument would have failed at the time he filed his initial § 2255 motion, the fact remains that he could have *raised* that argument when filing his initial motion. Petitioner thus fails to direct us to any evidence that § 2255 served as an "inadequate or ineffective *remedial vehicle* for *testing*" the merits of his argument. Id. at 590 (emphases in original). Put differently, the savings clause ensures that federal prisoners who can't comply with § 2255 are "provided with at least *one* opportunity to challenge their detentions" via a collateral attack, id. at 588 (emphasis added), and since § 2255 provided Petitioner with such an opportunity, he cannot now rely on the savings clause to pursue a

5

statutory-interpretation argument that he could have raised in a previous § 2255 motion.[2]

Accordingly, Petitioner cannot pursue his Santos-based argument in a § 2241 petition, which means that the district court correctly determined that it lacked statutory jurisdiction to reach the merits of that motion. See Abernathy v. Wandes, 713 F.3d 538, 557 (10th Cir. 2013) ("[W]hen a federal petitioner fails to establish that he has satisfied § 2255(e)'s savings clause test—thus, precluding him from proceeding under § 2241—the court lacks statutory jurisdiction to hear his habeas claims.").

AFFIRMED.

Entered for the Court

Joel M. Carson III
Circuit Judge

---

[2] In arguing to the contrary, Petitioner cites myriad cases from our sister circuits that purportedly differ from our holding in Prost and *would* allow him to use the savings clause to bring his argument under Santos. He thus argues that we should follow the holdings from those cases instead. But even assuming that Petitioner correctly describes the holdings of these out-of-circuit cases, we remain bound by Prost "barring en banc reconsideration, a superseding contrary Supreme Court decision, or authorization of all currently active judges on the court." United States v. Fager, 811 F.3d 381, 388 n.5 (10th Cir. 2016) (quoting United States v. Edward J., 224 F.3d 1216, 1220 (10th Cir. 2000)). Because none of those three circumstances exist here, we must dutifully follow Prost.