FILED
United States Court of Appeals
Tenth Circuit

October 30, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

HERMAN TRACY CLARK,

Petitioner - Appellant,

v.

JEROLD BRAGGS, Warden,

Respondent - Appellee.

No. 19-6105
(D.C. No. 5:19-CV-00360-D)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **McHUGH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Petitioner-Appellant Herman Tracy Clark seeks to appeal from the district court's

dismissal of his 28 U.S.C. § 2241 petition without prejudice. Clark v. Braggs, 2019 WL

2476751 at *2 (W.D. Okla. June 13, 2019). The magistrate judge assigned recommended

denial of the petition concluding that Mr. Clark lacks a protected property or liberty

interest in discretionary parole, Clark v. Braggs, 2019 WL 2477634 at *3 (W.D. Okla.

May 9, 2019). See Burnett v. Fallin, 754 F. App'x 696, 702-03 (10th Cir. 2018). The

district court agreed, but also construed the petition as challenging the validity of Mr.

Clark's life sentence. The district court denied it reasoning that Mr. Clark would need

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

authorization from this court to file a second or successive 28 U.S.C. § 2254 petition. 28 U.S.C. § 2244(b)(3); Clark, 2019 WL 2476751 at *2. The district court also denied a certificate of appealability (COA), 28 U.S.C. § 2253(c)(2).

Mr. Clark is subject to filing restrictions in this court. In re Clark, 13-6053 (10th Cir. Mar. 15, 2013) (order) ("[W]e direct that any further applications, motions, or other filings collaterally attacking Mr. Clark's 1975 Oklahoma murder conviction will be deemed denied on the fifteenth calendar day after filing unless this court otherwise orders."). On July 18, 2019, we ordered Mr. Clark to show cause why these filing restrictions do not apply to this appeal.

Mr. Clark argues that the filing restrictions apply only to second or successive § 2254 applications, not petitions under § 2241. We are not persuaded, but regardless, the district court observed that this proceeding is an attempt to challenge the validity of Mr. Clark's life sentence by a different procedural vehicle. Clark, 2019 WL 2476751 at *1. We agree. Indeed, Mr. Clark's petition states that he is challenging "[t]he validity of [his] conviction or sentence as imposed." R. 4.

Mr. Clark also seeks to proceed in forma pauperis (IFP). He must show (1) that the appeal is taken in good faith, and (2) that he is unable to pay the required fees. *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). In view of our determination that this proceeding is barred by the filing restrictions, we conclude that Mr. Clark fails to show that this appeal was taken in good faith. We also conclude that none of Mr. Clark's papers show a "reasoned, nonfrivolous argument on the law and

facts in support of the issues raised on appeal." <u>Caravalho v. Pugh</u>, 177 F.3d 1177, 1179 (10th Cir. 1999).

We DENY a COA, DENY IFP, and DISMISS the appeal.

<div style="margin-left: 55%;">

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

</div>