FILED
United States Court of Appeals
Tenth Circuit

February 6, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIAM J. MABIE,

        Petitioner - Appellant,

v.

CHARLES DANIELS,

        Respondent - Appellee.

No. 13-1434
(D.C. No. 1:13-CV-01802-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining appellant's brief and the appellate record, this panel has

determined unanimously that oral argument would not materially assist in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

William J. Mabie, a federal prisoner proceeding pro se, appeals from an

order of the United States District Court for the District of Colorado dismissing

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

his 28 U.S.C. § 2241 habeas corpus petition.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291,[1] this court **affirms** the district court's order of dismissal.

A federal jury in the United States District Court for the Eastern District of Missouri convicted Mabie on three counts of mailing threatening communications, in violation of 18 U.S.C. § 876(c), and one count of interstate communication of a threat, in violation of 18 U.S.C. § 875(c).  *United States v. Mabie*, 663 F.3d 322, 325 (8th Cir. 2011).  The district court sentenced Mabie to a term of imprisonment of eighty-eight months.  *Id.*  The Eighth Circuit affirmed Mabie's convictions and sentence.  *Id.* at 335.  Mabie then filed a motion for relief from judgment pursuant to 28 U.S.C. § 2255 in the Eastern District of Missouri.[2]  The Eastern District of Missouri denied Mabie's § 2255 motion; Mabie's appeal of that ruling to the Eighth Circuit is still pending.

In July of 2013, while incarcerated at the United States Penitentiary in Florence, Colorado, Mabie filed the instant § 2241 petition in the United States District Court for the District of Colorado.  In his § 2241 petition, Mabie attacked

---

[1]Because Mabie is a federal prisoner and is appealing the district court's resolution of a § 2241 petition, he need not obtain a certificate of appealability to proceed on appeal.  *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

[2]As cataloged by the district court, Mabie's conduct in his § 2255 proceeding was less than sterling.  In the eight months that motion was pending, Mabie filed over twenty pleadings.  The Eastern District of Missouri described Mabie's conduct as hostile and disrespectful and concluded Mabie's litigation tactics demonstrated he was more concerned with annoying and disparaging the government than he was with vindicating a cognizable legal right.

the validity of his convictions. The district court dismissed Mabie's petition, concluding the proper remedy was for him to file a § 2255 motion in the Eastern District of Missouri. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Mabie appeals.

Upon de novo review of the record and Mabie's appellate brief, *id.*, this court concludes the district court was correct in dismissing Mabie's § 2241 petition. A § 2241 petition is not the proper means to raise the claims set out by Mabie. Instead, unless it is inadequate or ineffective, a § 2255 motion in the Eastern District of Missouri is the exclusive remedy for him to challenge his conviction and sentence. Mabie has not established the inadequacy or ineffectiveness of a § 2255 motion. The mere fact he has been denied relief under § 2255 or may be precluded from filing a second § 2255 motion does not establish that the statutory remedy is inadequate or ineffective. *Id.*; *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir.1999). Furthermore, Mabie's conclusory, intemperate, and entirely self-serving assertions about the handling of his § 2255 motion by the Eastern District of Missouri do not come close to demonstrating the inadequacy of the remedy set out in § 2255. *Caravalho*, 177 F.3d at 1178 ("Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances."). This is especially true given that his appeal from the denial of his § 2255 motion is still pending in the

Eighth Circuit. Accordingly, the district was correct to dismiss Mabie's § 2241 petition.

The order of the United States District Court for the District of Colorado dismissing Mabie's § 2241 petition is hereby **AFFIRMED**. Furthermore, because he has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," we **DENY** Mabie's motion to proceed on appeal in forma pauperis. *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge