FILED
United States Court of Appeals
Tenth Circuit

June 14, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALLAN C. MUGAN,

     Petitioner - Appellant,

v.

DEBRA DENHAM,

     Respondent - Appellee.

No. 16-1446
(D.C. No. 1:16-CV-01233-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

     Allan C. Mugan, a federal prisoner, seeks to challenge his conviction and

sentence via a 28 U.S.C. § 2241 habeas corpus petition.[1] But a § 2241 petition is not

the proper avenue for challenging the validity of a criminal conviction or sentence.

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its

validity . . . ." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Prost v.*

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mugan is proceeding pro se, so we construe his pleadings liberally, but we do not serve as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

*Anderson*, 636 F.3d 578, 581 (10th Cir. 2011) ("Meanwhile, § 2241 petitions, brought in the district where the prisoner is confined, are generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement."). A 28 U.S.C. § 2255 petition is the proper way for Mugan to attack the validity of his detention, *see Bradshaw*, 86 F.3d at 166, but Mugan has already unsuccessfully sought relief via § 2255, *see United States v. Mugan*, No. 3:07-cv-03059-LRR (N.D. Iowa Mar. 29, 2010), *appeal dismissed*, No. 10-1808 (8th Cir. Oct. 4, 2010). Mugan did not dispute this at the district court, instead arguing that his § 2241 petition should be allowed to proceed because his case meets the "extremely limited circumstances," *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (internal quotation omitted), in which the remedy provided by § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). To meet those circumstances, Mugan has the burden to show that the arguments he makes in his § 2241 petition could not have been raised in a § 2255 petition. *See Prost*, 636 F.3d at 584.

The district court dismissed Mugan's petition for lack of statutory jurisdiction (and therefore without prejudice) because it found Mugan's various reasons for the inadequacy of § 2255 unpersuasive. Mugan argued that the test set forth in *Prost* is overly restrictive and thus violates the Constitution's Suspension Clause. *See* U.S. Const. art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."). But the district court rightly noted that we have already rejected a

2

similar claim. *See Hale v. Fox*, 829 F.3d 1162, 1176 (10th Cir. 2016). The district court also found that Mugan was wrong in his assertion that the sentencing court had failed to adjudicate his § 2255 petition and that Mugan was simply dissatisfied with the result of that adjudication.

Mugan also claimed that intervening law announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015), provides the basis for his § 2241 relief. But the district court noted that, even if *Johnson* were helpful to Mugan, *Johnson* announced a substantive rule with retroactive effect for collateral review and so Mugan could have brought any claim based on *Johnson* in a second or successive § 2255 petition. *See* 28 U.S.C. § 2255(h)(2). The district court was similarly unreceptive to Mugan's actual-innocence claim, as Mugan had presented no new evidence to support it. *See Haley*, 829 F.3d at 1171.

We agree with the district court on all these issues. Mugan's appellate brief does nothing to dissuade us. He adds little in the way of new argument, instead merely reiterating the notion that *Prost* effectively violates the Suspension Clause and stressing how difficult it is to access § 2241 to challenge the validity of a sentence and conviction. That high bar is by design—not because of a conspiracy by the "corrupt judiciary" to forestall justice, as Mugan sees it, Appellant Br. at 3, but because § 2241 is not meant as a free repeat of the § 2255 process. Mugan had his § 2255 chance and he lost. Mugan argues that it was unfair for the same judge who sentenced him to rule on his § 2255 motion. Putting aside that this is normal practice, the decision of that judge was also reviewed by the Eighth Circuit, which dismissed

3

the appeal. If, in a possible second or successive § 2255 petition, Mugan still believes that the sentencing judge is biased against him, he can move to recuse her, but even the existence of bias would not render the § 2255 remedy ineffective. *Bradshaw*, 86 F.3d at 167.

We also deny Mugan *in forma pauperis* (*ifp*) status for this appeal. Mugan was initially granted leave to proceed with *ifp* status in this action. But on appeal, the district court denied him that status and certified that any appeal would not be in good faith. *See* 28 U.S.C. § 1915(a)(3). Nonetheless, Mugan appealed and filed a motion to proceed with *ifp* status. Despite what the seemingly ironclad language of § 1915(a)(3) would indicate, even a party who has been certified as not appealing in good faith can request *ifp* status on appeal so long as he shows both a financial inability to pay and a reasoned, nonfrivolous argument, and follows the procedure mandated by Fed. R. App. P. 24(a)(5). *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1078-79 (10th Cir. 2007).[2] But because Mugan has not demonstrated the existence of a reasoned, nonfrivolous argument, we agree that he cannot proceed with *ifp* status.

---

[2] "Upon its face, § 1915(a)(3) would appear to foreclose our consideration of [a motion to proceed IFP]; its mandatory language denies the availability of an appeal in forma pauperis upon the district court's certification of a lack of good faith, and it provides no escape hatch of appellate review or reconsideration. Federal Rule of Appellate Procedure 24(a)(5), on the other hand, purports to expressly permit our consideration of [such] a motion . . . . The palpable conflict between these provisions is resolved in favor of the procedures dictated by Rule 24(a)(5), by virtue of the fact that its most recent reenactment postdates that of § 1915(a)(3)." *Rolland*, 497 F.3d at 1078.

**CONCLUSION**

For the reasons stated, we affirm the dismissal of Mugan's § 2241 petition for lack of statutory jurisdiction (without prejudice), and deny Mugan *ifp* status.

Entered for the Court


Gregory A. Phillips
Circuit Judge