FILED
United States Court of Appeals
Tenth Circuit

October 12, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SAMMY JOE PERRYMAN,
a/k/a Sam Perryman,

    Defendant - Appellant.

No. 18-5088
(D.C. Nos. 4:11-CR-00100-CVE-1)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **HOLMES**, and **McHUGH**, Circuit Judges.
_____

Sammy Joe Perryman, a federal prisoner proceeding pro se, seeks to appeal the

district court's decision construing his application for a writ of error coram nobis as a

second or successive 28 U.S.C. § 2255 motion and dismissing it for lack of jurisdiction.

To appeal from that dismissal, he must obtain a certificate of appealability (COA).

_See United States v. Harper_, 545 F.3d 1230, 1233 (10th Cir. 2008). For the reasons that

follow, we deny a COA and dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2011, Mr. Perryman was charged with one count of using a fire or explosive to commit a felony, one count of arson, five counts of mail fraud, one count of bankruptcy fraud, and three counts of money laundering. He pleaded guilty to one count of bankruptcy fraud and one count of money laundering, but he went to trial on the remaining counts. The government subsequently dismissed the money laundering counts, but the jury found Mr. Perryman guilty of the remaining charges. He was sentenced to 180 months in prison, and we affirmed his convictions on direct appeal.

In 2015, Mr. Perryman filed a § 2255 motion. The district court denied the motion, and we denied his request for a COA to appeal from the district court's decision. Earlier this year, Mr. Perryman filed an application for a writ of error coram nobis, arguing that his indictment was void due to lack of jurisdiction and that he was illegally prosecuted, convicted and sentenced on a void indictment. The district court concluded that Mr. Perryman's application for coram nobis relief should be construed as a second or successive § 2255 motion and dismissed it for lack of jurisdiction. He now seeks a COA to appeal from the district court's decision.

To obtain a COA from the district court's procedural ruling, Mr. Perryman must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A pleading should be treated as a second or successive § 2255 motion "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's

2

underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id*. § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

In its opinion and order, the district court explained that a writ of error coram nobis is an "extraordinary remedy" and "is available only when § 2255 motions or other forms of relief are not available." R., Vol. 2 at 47. The court further explained that coram nobis relief is not "the appropriate avenue for relief when asking a federal court to vacate or set aside a criminal conviction or sentence that the defendant is currently serving[;] [i]nstead, defendant must seek relief under § 2255." *Id*. And, the court noted that "[t]he fact that defendant does not meet the criteria to file a second or successive § 2255 motion does not show that § 2255 is an inadequate remedy." *Id*. at 48.

Given these circumstances, the court determined that Mr. Perryman's "exclusive remedy to challenge the validity of his conviction or sentence is a § 2255 motion, and he may not rely on the All Writs Act to avoid the requirements for filing a second or successive § 2255 motion." *Id*. The court then concluded that the application for a writ of error coram nobis should be construed as a second or successive § 2255 motion. Because Mr. Perryman had not received the proper authorization from this court to file a

second or successive § 2255 motion, the district court dismissed the motion for lack of jurisdiction.

In the first part of his COA application, Mr. Perryman argues the merits of his request for coram nobis relief, asserting that his indictment was void for lack of jurisdiction. But the validity of the indictment is not part of the COA inquiry in this matter. Instead, Mr. Perryman must show that reasonable jurists could debate the correctness of the district court's procedural ruling construing his application for a writ of error coram nobis as a second or successive § 2255 motion.

In the second part of his COA application, he argues that coram nobis is the proper remedy because he has no other available remedy to challenge the defective indictment. He contends that "[t]he resulting adjudication of guilt . . . is now easily determined to be void ab initio for want of an adequate indictment." COA App. at 17. But coram nobis is not the proper remedy for a person, like Mr. Perryman, who is still in custody, to challenge the validity of his indictment and the resulting conviction and sentence. *See* 28 U.S.C. § 2255(a) ("A prisoner *in custody* under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the . . . court was without jurisdiction to impose such sentence . . . or [that the sentence] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." (emphasis added)); *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013) ("A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person . . . *who is no longer 'in custody'* and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." (emphasis added)); *see also*

4

*Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (explaining that "28 U.S.C. § 2255 is the exclusive remedy for a federal prisoner attacking *the legality of his detention*" (emphasis added)). And the possibility that Mr. Perryman may not meet the standards for authorization to file a second or successive § 2255 motion does not mean that the § 2255 remedy is inadequate. *See Caravalho*, 177 F.3d at 1178 ("That [a prisoner] may be barred from filing a second or successive motion pursuant to § 2255 in the sentencing court does not establish that the remedy provided in § 2255 is inadequate or ineffective.").

Mr. Perryman has failed to show that reasonable jurists could debate the district court's decision to construe his application for a writ of error coram nobis as a second or successive § 2255 motion and dismiss it for lack of jurisdiction. Accordingly, we deny a COA and dismiss this matter.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk