**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KELVIN ANDRE SPOTTS,

    Petitioner - Appellant,

v.

M.A. STANCIL, USP Warden,

    Respondent - Appellee.

No. 19-1122
(D.C. No. 1:18-CV-03364-LTB)
(D. Colorado)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Petitioner, Kelvin Andre Spotts, a federal prisoner proceeding pro se,[1] appeals

the district court's dismissal of his application for Writ of Habeas Corpus pursuant to

28 U.S.C. § 2241, the denial of his Motion to Transfer Venue, and the denial of his

Motion to Reconsider. He also moves to proceed in forma pauperis on appeal.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Spotts is proceeding without counsel, we construe his filings
liberally, but we will not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106,
1110 (10th Cir. 1991).

We exercise jurisdiction under 28 U.S.C. § 1291, and we affirm the judgment of the district court in full. We also deny Mr. Spotts's motion to proceed in forma pauperis before this court.

## BACKGROUND

On September 18, 1998, Mr. Spotts pleaded guilty in the United States District Court for the Southern District of West Virginia to three counts "arising out of a conspiracy to distribute marijuana, cocaine and cocaine base from September of 1993 to March of 1998." Dist. Ct. Order at 4. He was sentenced to life imprisonment. Almost immediately, Mr. Spotts sought collateral relief.

On February 25, 1999, Mr. Spotts filed his first motion under 28 U.S.C. § 2255 in the Southern District of West Virginia, but the district court dismissed this motion without prejudice because Mr. Spotts's direct appeal had not yet been resolved. After losing his direct appeal, Mr. Spotts renewed his § 2255 motion on July 26, 2000. The district court then denied the motion on the merits, and the United States Court of Appeals for the Fourth Circuit affirmed.

On February 15, 2005, Mr. Spotts filed a successive § 2255 motion. Because he had failed to obtain authorization from the Fourth Circuit to file a successive motion, the district court dismissed it, and the Fourth Circuit affirmed the dismissal. *Id.*; *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

2

Approximately one year later, Mr. Spotts filed another unsuccessful § 2255 motion. Not to be deterred, Mr. Spotts filed additional successive motions on May 14, 2017, and July 7, 2011. Again, Mr. Spotts failed to obtain authorization to file the successive motions, and the district court dismissed both.

On February 8, 2012, Mr. Spotts tried a slightly different approach, filing a motion for sentence reduction pursuant to 18 U.S.C. § 3582 and/or a § 2255 motion to have his sentence vacated. This time, Mr. Spotts sought authorization from the Fourth Circuit to file his successive § 2255 motion, but his request was denied. The district court also denied his motion under § 3582.

Mr. Spotts next tried to combine a successive § 2255 motion with a § 2241 petition in the United States Court of Appeals for the Fifth Circuit, where Mr. Spotts was incarcerated at the time. Concluding that Mr. Spotts's request for relief did not fall within § 2241 and that he had failed to obtain authorization to file a successive motion under § 2255, the Fifth Circuit denied relief. *Spotts v. Lara*, 728 F. App'x 409, 410 (5th Cir. 2018) (unpublished) ("Because Spotts challenges the legality of his sentence, rather than the manner in which it is being executed, his claim is properly construed as arising under § 2255.").

After being transferred to the federal prison in Florence, Colorado, Mr. Spotts brought the present action in the United States District Court for the District of Colorado. Mr. Spotts again sought relief under § 2241 and he also requested a transfer of venue. After the district court denied both motions, Mr. Spotts brought a Motion to Reconsider, which the district court also denied.

3

Mr. Spotts now appeals.

## DISCUSSION

The district court dismissed Mr. Spotts's application for a writ of habeas corpus under § 2241 because Mr. Spotts attacks the validity of his federal sentence, not the manner in which it is being executed, and because Mr. Spotts has not established that his remedy under § 2255 is ineffective or inadequate. The district court is correct.

In general, a petition filed under 28 U.S.C. § 2241 may be used to challenge the execution of a sentence, not its validity. *See Haugh v. Booker,* 210 F.3d 1147, 1149 (10th Cir. 2000). A challenge under § 2241 must be filed in the district where the petitioner is confined. *Id.* In contrast, a motion that attacks the validity of a federal sentence must be filed under 28 U.S.C. § 2255 in the district court that imposed the sentence. *Id.* Only if the remedy provided by § 2255 is inadequate or ineffective can a petitioner attack the validity of his sentence under § 2241. *See Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011).

Here, Mr. Spotts challenges the validity of his federal sentence and, as the district court correctly concluded, he has not established that § 2255 is inadequate or ineffective. "Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). That Mr. Spotts's previous attempts to obtain relief under § 2255 have been unsuccessful and that he may be barred from filing a successive § 2255 motion do not establish that the remedy is ineffective or

4

inadequate. *See, e.g.*, *Abernathy v. Wandes,* 713 F.3d 538, 551 (10th Cir. 2013); *Caravalho,* 177 F.3d at 1178.

Accordingly, the district court correctly dismissed Mr. Spotts's petition. It also acted within its discretion in dismissing the action without prejudice rather than transferring venue. And because Mr. Spotts failed to raise any valid issues in the motion for reconsideration, the district court acted within its discretion in denying that motion.

## CONCLUSION

For substantially the same reasons as stated by the district court, we **AFFIRM** the dismissal of Mr. Spotts's motion under 28 U.S.C. § 2241, the denial of his Motion to Transfer Venue, and the denial of his Motion to Reconsider.[2]

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

[2] We also deny Mr. Spotts's Motion for Leave to Proceed In Forma Pauperis because he has not advanced "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 812 (10th Cir. 1997) (quotation marks omitted).